IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **STRAGENT, LLC,** | |
| Plaintiff, | **CIVIL ACTION NO. 6:10-CV-77** |
| v. | |
| **HUAWEI TECHNOLOGIES CO., LTD., AND FUTUREWEI TECHNOLOGIES, INC. DBA HUAWEI TECHNOLOGIES (USA),** | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANT FUTUREWEI TECHNOLOGIES, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO STRAGENT, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

In response to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Stragent, LLC ("Stragent"), Defendant Futurewei Technologies, Inc. ("Futurewei") respectfully submits its Answer, Affirmative Defenses, and Counterclaims.  Each and every allegation not specifically admitted is denied.

**NATURE OF THE ACTION**

1. In response to paragraph 1 of the Complaint, Futurewei lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies them.

2. In response to paragraph 2 of the Complaint, Futurewei admits that Defendant Huawei Technologies Co., Ltd. ("Huawei") is a Chinese corporation having its principal place of business in Shenzhen, China.

3. In response to paragraph 3 of the Complaint, Futurewei admits that Defendant Futurewei is a Texas corporation having its principal place of business in Plano, Texas.

4. In response to paragraph 4 of the Complaint, Futurewei denies the allegations.

## JURISDICTION AND VENUE

5. In response to paragraph 5 of the Complaint, Futurewei admits that this action purports to arise under the patent laws of the United States, Title 35 of the United States Code, and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Futurewei denies the remaining allegations of paragraph 5.

6. In response to paragraph 6 of the Complaint, no response is required to the legal conclusions in this paragraph. To the extent that paragraph 6 raises allegations that are not legal conclusions, Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 6 as they relate to the other defendant and on that basis denies them.

7. In response to paragraph 7 of the Complaint, Futurewei denies the allegation that "venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b)" and the remaining allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 7 as they relate to the other defendant and on that basis denies them.

## PATENT INFRINGEMENT

8. In response to paragraph 8 of the Complaint, Futurewei admits that, on its face, U.S. Patent No. 7,095,753 ("the '753 patent") is entitled "Digital Network Processor-Based Multi-Protocol Flow Control." Futurewei admits that, on its face, the '753 patent lists an issue date of August 22, 2006. Futurewei lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

9. In response to paragraph 9 of the Complaint, Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 9 as they relate to the other defendant and on that basis denies them.

10. In response to paragraph 10 of the Complaint, Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 10 as they relate to the other defendant and on that basis denies them.

## RESPONSE TO STRAGENT'S PRAYER FOR RELIEF

11. In response to Stragent's Prayer For Relief, Futurewei realleges and incorporates by reference its denials and admissions set forth in paragraphs 1-10 above. Futurewei denies that Stragent is entitled to any relief at all or any of the relief sought in its prayer for relief.

## AFFIRMATIVE DEFENSES

12. Without admitting or acknowledging that it bears the burden of proof as to any of them, Futurewei asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

### FIRST DEFENSE
### (Failure to State a Claim)

13. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Invalidity)

14. One or more of the claims within the '753 patent is invalid on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE
### (Non-Infringement)

15. Futurewei does not and has not infringed, whether directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '753 patent. If the claims at issue are interpreted so broadly as to read on any accused product or method, Futurewei does not and has not infringed any such claim of the '753 patent under the Reverse Doctrine of Equivalents.

### FOURTH DEFENSE
### (Prosecution History Estoppel)

16. The actions taken and representations made before the United States Patent and Trademark Office in procuring the '753 patent preclude Stragent from asserting or construing the claims of the patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Futurewei.

### FIFTH DEFENSE
### (Adequate Remedy at Law)

17. Stragent has not sought equitable relief. If, however, Stragent were to seek such relief, it has an adequate remedy at law, and no basis exists for the grant of equitable relief.

### SIXTH DEFENSE
### (Limitation on Recovery)

18. On information and belief, Stragent is precluded from seeking recovery, or its right to seek relief is limited, under 35 U.S.C. §§ 286, 287, and/or 288.

### SEVENTH DEFENSE
### (Good Faith)

19. Futurewei has engaged in all relevant activities in good faith, thereby precluding Stragent, even if it prevails, from recovering any attorney's fees and/or costs under 35 U.S.C. § 285.

## ADDITIONAL DEFENSES
### (Reserved)

20. Futurewei specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial, or otherwise.

## COUNTERCLAIMS
### (Declaratory Judgment as to the '753 patent)

21. Futurewei incorporates by reference paragraphs 1-20 as if fully set forth herein.

22. Futurewei is a Texas corporation having its principal place of business in Plano, Texas.

23. Stragent alleges in its Complaint that it is a Texas limited liability company having its principal place of business in Longview, Texas.

24. By its Complaint, Stragent alleges that Futurewei has infringed the '753 patent. Futurewei has denied these allegations. The '753 patent is also invalid, unenforceable, and/or void. A justifiable controversy therefore exists between Stragent and Futurewei.

25. A judicial declaration is necessary and appropriate at this time so that Futurewei may ascertain its rights and duties with respect to the '753 patent.

26. These counterclaims arise under federal statutory law, including 35 U.S.C. §§ 271 *et seq.* and 28 U.S.C. § 2201. Accordingly, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, because there are now pending before this Court claims involving substantially related questions of law and fact, this Court presently has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

27. By filing its Complaint in this district, Stragent has consented to the personal jurisdiction of this Court.

## COUNT ONE
**(Declaratory Judgment of Non-Infringement of the '753 patent)**

28. Futurewei incorporates by reference Paragraphs 1-28 as if fully set forth herein.

29. Futurewei does not and has not infringed, directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '753 patent.

30. Stragent is precluded under the doctrine of prosecution history estoppel from asserting or construing the claims of the '753 patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Futurewei.

31. Based on Stragent's filing of its suit and Futurewei's Affirmative Defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Futurewei has infringed any claim of the '753 patent.

32. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Futurewei requests a declaration from the Court that Futurewei does not infringe, directly or indirectly, literally or by equivalents, any claim of the '753 patent.

## COUNT TWO
**(Declaratory Judgment Of Invalidity Of The '753 Patent)**

33. Futurewei incorporates by reference Paragraphs 1-33 as if fully set forth herein.

34. One or more claims within the '753 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

35. Based on Stragent's filing of its suit and Futurewei's Affirmative Defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '753 patent.

36.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Futurewei requests a declaration from the Court that each of the claims of the '753 patent is invalid, unenforceable, and/or void because if fails to comply with the provisions of the patent laws, 35 U.S.C. § 100 et seq., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Futurewei prays for relief as follows:

A.   that the Court enter judgment in favor of Futurewei and against Stragent;

B.   that the Court find that Futurewei has not infringed and is not infringing the '753 patent and enter declaratory judgment that Futurewei has not infringed and is not infringing the '753 patent;

C.   that the Court find that the '753 patent is invalid and enter declaratory judgment that the '753 patent is invalid;

D.   that Stragent take nothing by its Complaint against Futurewei;

E.   that the Court deny any and all of Stragent's requests for relief;

F.   that the Court dismiss Stragent's Complaint in its entirety, with prejudice;

G.   that the Court find this case exceptional under 35 U.S.C. § 285, and award Futurewei its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

H.   that the Court grant Futurewei such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Futurewei hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

Dated:   March 29, 2010

Respectfully submitted,

By:   /s/ Brooks M. Beard
    Michael Jacobs, Lead Attorney
    Email: mjacobs@mofo.com
    California Bar No. 111664
    Brooks Beard
    Email: bbeard@mofo.com
    California Bar No. 181271
    Diana Kruze
    Email:dkruze@mofo.com
    California Bar No. 247605
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105-2482
    Tel: (415) 268-7000
    Fax: (415) 268-7522

    Otis W. Carroll
    Texas Bar No. 03895700
    Email: otiscarroll@icklaw.com
    Deborah Race
    Texas Bar No. 16448700
    Email: drace@icklaw.com
    IRELAND, CARROLL & KELLEY, P.C.
    6101 South Broadway, P.O. Box 7879
    Tyler, Texas 75711-7879
    Telephone:   (903) 561-1600
    Facsimile:   (903) 581-1071

    Attorneys for Defendant
    FUTUREWEI TECHNOLOGIES, LTD.

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2010, a true and correct copy of the foregoing document was sent to all counsel of record via the Court's electronic filing system.

/s/ Brooks M. Beard